-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS ZIMMERMAN, CAROL WILLIS,
MELISSA MOJICA, AMY PINCKNEY,
DESIRAY SMITH, JAMES WILLIS, JODI
BERNDT, SHARLYNE GOODING, TOMASZ
MIEZKOWSKI, CHARITY POWERS,
CRYSTAL STEVENS, VICKIE DICOLA,
KRISTINE BARRETT,

Plaintiffs,

-v-

**DECISION AND ORDER**
12-CV-763A

T. TODD, Assistant Inspector
General, JOSEPH WOLCZYK,
Commissioner's Hearing Officer,
HAROLD GRAHAM, Superintendent,
KENNETH E. WOSNESKI, Psychologist,
SUSAN STRICKLAND, Mental Health
Unit Chief, IQBAL, Mental Health
Specialist Doctor, DANIEL VALLA,
Social Worker, JOHN HENDERSON,
Psychologist, NORMAN BEZIO,
Director of Special Housing,
JENNIFER L. BONDONARO, Social
Worker, DANIEL BERNS, Social
Worker, WIDROFF, Mental Health
Specialist Doctor, LUIS E.
HERNANDEZ, Mental Health
Specialist Doctor, T. STRABEL,
Social Worker, EMILIA A.
RUTIGLIANO, Mental Health
Specialist Doctor, SCOTT CLAIR,
Mental Health Clinician, KAPLAN,
Mental Health Specialist, ANTHONY
J. DEVITO, Mental Health
Specialist, L. PEARL, Mail Clerk,
D. BORAWSKI, Lieutenant, PAUL
CHAPPIUS, Deputy, DOLCE, Deputy,



LISA TRAPAZZO, Mental Health
Clinician, VERNON FONDA, Inspector
General Director of Operations,
CATHERINE MASSARI, Prisoner's
Legal Services Staff Paralegal,
ROBINSON, Captain, JAMES MORGAN,
Assistant Director at Central New
York Psychiatric Center, ANTHONY
ANNUCCI, Deputy Commissioner,
ALBERT PRACK, Acting Director of
Special Housing, KAREN BELLAMY,
Director of Inmate Grievance
Program, KENNETH S. PERLAMAN,
Deputy Commissioner, BROWN,
Captain, J. PRUSAK, Legal Mail
Officer, J. NOETH, Captain,
W. MURRY, Lieutenant, O'CONNELL,
Sgt., WILLEY, Sgt., CAROL KRAUSS
Mailroom, Supervisor, D. O'CONNOR,
SCC, JAMES CONWAY, Former Supt.,
MARK L. BRADT, Supt., BARTELLA,
Sergeant, BAUER, Corrections
Officer, CONDONE, Corrections
Officer, HEMBROKE, Corrections
Officer, HARTMAN, Corrections
Officer, N. WEB, Media Review
Officer, MEZYDLO, Corrections
Officer, GEORGE STRUBEL, Grievance,

Defendants.

---

## INTRODUCTION

Before the Court is a civil rights complaint (Docket No. 1) filed by *pro se*

plaintiffs Nicholas Zimmerman, Carol Willis, Melissa Mojica, Amy Pinckney,

Desiray Smith, James Willis, Jodi Berndt, Sharlyne Gooding, Tomasz

Miezkowski, Charity Powers, Crystal Stevens, Vickie DiCola, and Kristine Barrett ("plaintiffs"), who are seeking relief under 42 U.S.C. § 1983, § 1985 and § 1986 against several New York State employee defendants.

The first plaintiff, Nicholas Zimmerman, is currently incarcerated at the Clinton Correctional Facility ("Clinton"). All of the other plaintiffs listed in the caption are non-prisoners who reside at various addresses in several states. By Order dated July 8, 2014 (Docket No. 6), the plaintiffs were directed to either provide the Court with applications to proceed as poor persons under 28 U.S.C. § 1915, or pay the filing fee. In addition, several plaintiffs were directed that they must sign the complaint and provide the Court with addresses at which they can be served. That order was mailed to all of the plaintiffs, along with copies of the complaint to plaintiffs J. Willis, Pinckney, Mojica, Mieczkowski, DiCola, Barrett, Berndt, and Stevens.

Plaintiff Zimmerman is the only plaintiff to respond to the Court's Order. Zimmerman requested an extension of time to respond to the Court's order to allow him to research and attempt to contact the other plaintiffs after the extended post-filing delay. Plaintiff was granted until October 27, 2014 (Docket No. 9) to submit a response. Plaintiff Zimmerman is again the only plaintiff to respond (Docket No. 10).

## DISCUSSION

Preliminarily, the Court notes that plaintiff Zimmerman, proceeding *pro se*, may not represent other non-represented parties. A non-attorney *pro se* party may not represent another's interests. "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir.1998) (citation omitted); *see also Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir.1997) ("appearance *pro se* denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear *pro se* in the cause of another person or entity"); *Shapiro, Bernstein & Co. v. Continental Record Co.,* 386 F.2d 426, 427 (2d Cir.1967) (per curiam) (layperson may not represent a corporation); *Phillips v. Tobin,* 548 F.2d 408, 411-12 (2d Cir.1976) (individual may not appear *pro se* to pursue a shareholder's derivative suit); *Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1310 (2d Cir.1991) (layperson may not represent a partnership); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) (parent may not appear *pro se* on behalf of his or her minor child); *Pridgen,* 113 F.3d at 393 ("administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant"). Thus, Nicholas Zimmerman may not act on behalf of the remaining plaintiffs, but only on behalf of himself.

Plaintiff Zimmerman requested an extension of time to comply with the Court's Order, but has only expressed his objection to all of the plaintiffs being required to submit a fee, and has still failed to submit to the Court either a fee or his own proper motion to proceed *in forma pauperis,* including a Prison Certification pursuant to 28 U.S.C. § 1915(a)(1)-(2), and a Prison Authorization form pursuant to 28 U.S.C. § 1915(b)(1)-(4), as directed by the Court's Order.  Although plaintiff objects to all of the plaintiffs submitting a fee, that does not excuse any of the plaintiffs, including Zimmerman, from failing to provide applications to proceed as poor persons, if they cannot pay the fee.  No fee has been paid and no plaintiff has provided the required application to excuse the payment of the required fee. Thus, the complaint is subject to dismissal, both for failure to pay the required fee or a properly completed poor person application, **and** for failure to comply with a Court Order.

Even those litigants proceeding *pro se* are required to comply with the directives of the Court.  *Beyah v. Coughlin,* 113 F.3d 1229 (2d Cir.1997), citing *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988) (("[A]ll litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions.").  The Second Circuit has expressly ruled that "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that

5

noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, at 50.  Such a warning was given in this case.

In addition, all of the plaintiffs listed above have failed to sign the complaint, as required by the Court Order (Docket No. 6).  Plaintiffs J. Willis, Pinckney, Mojica, Mieczkowski, DiCola, Barrett, Berndt, and Stevens were forewarned that they must provide their signatures on the complaint, and failure to comply would result in their dismissal as parties to this action.

The action cannot proceed given the failure of the plaintiffs to either pay the filing fee or to submit properly completed motions to proceed *in forma pauperis* and the failure of the majority of the plaintiffs listed above to properly sign the complaint.  However, since plaintiff Zimmerman has responded to the Court Orders, albeit without fully complying with them, the Court will not dismiss the complaint *sua sponte* as to him.  The action is hereby dismissed *sua sponte* as to all of the plaintiffs except plaintiff Zimmerman.

However, plaintiff Zimmerman has failed to submit both a signed Prison Authorization authorizing the institution in which he is confined to pay the full amount of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1)-(4), **and** motion to proceed in forma pauperis that includes a completed and signed Prison Certification pursuant to 28 U.S.C. § 1915(a)(2).  For that reason, the Clerk of the Court is ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiff Zimmerman is granted leave to move

to re-open within 30 days[1] by providing either (1) a signed Prison Authorization **and** new motion to proceed *in forma pauperis* that includes a completed and signed Prison Certification, or (2) the $350.00 filing fee and a $50.00 administrative fee ($400.00 total fees).[2]   Should plaintiff provide the Court with the required submissions, the Court will reopen the action and proceed to review the action as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## CONCLUSION and ORDER

The action is dismissed as to all plaintiffs except plaintiff Zimmerman.  The Clerk of the Court is ordered to administratively terminate this action, without filing the complaint or assessing a filing fee and is directed to again send to plaintiff Zimmerman a new form motion to proceed *in forma pauperis* **and** Prison Authorization Form.  Plaintiff Zimmerman is granted leave to move to re-open within 30 days.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of this Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner mailbox rule); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996); *see also Williams-Guice v. Board of Education*, 45 F.3d 161, 163 (7th Cir. 1995).

[2] Effective May 1, 2013, an additional administrative fee of $50.00 has been added to the total cost of filing a civil lawsuit in District Court, which brings the total cost to $400.00.  This additional administrative fee does not apply to prisoners who are granted permission to proceed *in forma pauperis*.

Upon plaintiff's submission of either (1) a signed Prison Authorization **and**

new motion to proceed *in forma pauperis* that includes a completed and signed

Prison Certification, or (2) the $350.00 filing fee and $50.00 administrative fee

($400.00 total fees); the Clerk of the Court shall re-open this case.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated:   _____, 2014