UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS ZIMMERMAN,  
                         Plaintiff,

       v.

SOCIAL WORKER RICHARD PAUTZ, *et al.*,

                         Defendants.
_____

**DECISION  
and  
ORDER**

**12-CV-763A(F)**

APPEARANCES:      NICHOLAS ZIMMERMAN, *Pro Se*
02-A-1663
Wende Correctional Facility
P.O. Box 1187
Alden, New York 14004

ERIC T. SCHNEIDERMAN
NEW YORK STATE ATTORNEY GENERAL
Attorney for Defendants
RYAN L. BELKA, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202

In this prisoner civil rights § 1983 action, alleging First Amendment claims based on alleged interference with Plaintiff's mail and an unlawful mail watch order, Eighth Amendment violations based on alleged excessive force and a failure to protect, and federal Due Process violations in connection with disciplinary hearings conducted April 1, 2010, September 22, 2010, and August 8, 2011, and a generalized conspiracy, by papers filed May 8, 2017 (Dkt. 43), Plaintiff requests a court order granting Plaintiff telephone privileges for communications with nine individuals described as "witnesses, paralegals and administrative assistants" ("Plaintiff's litigation aides") to Plaintiff of up to

three hours per day, four visitations per week with these same persons, direct access of up to three hours per day to the law library at the Wende Correctional Facility where Plaintiff is housed without restraints to permit Plaintiff to write and type documents, and that the requested telephone communications and visits occur between 9:00 a.m. and 3:00 p.m. upon 48 hours prior notice to the prison ("Plaintiff's motion"). All of such requests, according to Plaintiff, are for the purpose of facilitating Plaintiff's successful prosecution of Plaintiff's claims in the instant case. Plaintiff cites to no authority to support Plaintiff's motion except a copy of an order by Hon. Mae D'Agostino filed August 8, 2011 in connection with a trial of an unrelated matter then pending in the Northern District which allowed Plaintiff to receive phone calls from four of nine individuals listed in Plaintiff's motion to discuss matters relating to Plaintiff's trial and permitted Plaintiff to have visitation rights with Plaintiff's witnesses expected to testify in that trial. *See* Dkt. 43 at 5; Dkt. 45-2.

By papers filed May 25, 2017, Defendants oppose Plaintiff's motion contending Plaintiff's history of attempted escape, *see* Dkt. 45-1, precludes telephone access and visitation privileges beyond those available under general prison regulations to persons, like Plaintiff, confined to SHU and that courts recognize there is no right for unlimited prisoner access to a prison law library. Defendants further contend judicial interference in the administration of prevailing telephone, visitation and library access privileges as Plaintiff requests would serve to create a "disincentive" to prisoner "good behavior," which qualifies as a legitimate penological justification for the more limited privileges available to Plaintiff. Dkt. 45-1 ¶¶ 14-15. There is no indication that Plaintiff filed any grievance in connection with Plaintiff's requests, however, the court presumes Plaintiff

has presented the instant requests to prison officials, and that they have been rejected. Plaintiff's motion is without merit.

Prisoners lack an unrestricted right to communication by telephone. *See Mercado v. Dep't of Corrections*, 2017 WL 1095023, at *3 (D.Conn. Mar. 23, 2017) (citing caselaw). As relevant, prison restrictions on a prisoner's telephone use "do not impinge on a prisoner's constitutional rights where an inmate has alternate means of communication," such as by mail. *Id.* (citing *Henry v. Davis*, 2011 WL 5006831, at *2 (S.D.N.Y. Oct. 20, 2011)). Here, Plaintiff does not allege he is prevented from communicating by mail with his litigation aides regarding his lawsuit. It is also well-established that a prisoner does not enjoy an unrestricted right to contact visitations under the Due Process clause and that such visitations are a privilege not a right. *See Caldwell v. Goord*, 2013 WL 1289410, at **4-5 (Mar. 27, 2013 W.D.N.Y) (citing caselaw). Limitations on an inmate's privileges do not infringe Due Process or the First Amendment right of association where the limitations bear a rational relationship to "legitimate penological interests and other alternate means of communication are available." *Id.* (citing *Overton v. Bazzetta*, 539 U.S. 126, 131-36 (2003)). Here, Plaintiff provides no indication of any existing limitations on Plaintiff's visitation privileges or that alternative means of communications, such as out-going and in-coming mail with the litigation aides is not available. Further, although Plaintiff contends, Dkt. 46 at 2, that he was not disciplined for attempted escape, Plaintiff concedes, Dkt. 46 at 2, he was previously convicted in state court of an escape related offense. *See People v. Zimmerman*, 851 N.Y.S.2d 265 (2d Dep't. 2008), *lv. to appeal den.*, 908 N.E.2d 938 (N.Y. 2009). Thus, there is a reasonable penological justification for placing some

3

restrictions on Plaintiff's telephone and visitations access privilege as Defendants assert. Similarly, prisoners do not enjoy unlimited rights to access prison law libraries and such access is also subject to reasonable restriction based on valid penological concerns such as exist here. *See Jean-Laurent v. Los*, 2015 WL 1015383, at **5-6 (W.D.N.Y. Mar. 8. 2015) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) and *Ford v. McGinnis*, 352 F.3d 582, 593-94 (2d Cir. 2003)); *Nevarez v. Hunt,* 770 F.Supp.2d 565, 567 (W.D.N.Y. 2011) (citing caselaw). Absent a showing that the regulations restricting a prisoner's law library access have denied "the inmate meaningful access to the courts," such restrictions will be upheld. Here, Plaintiff argues only that Plaintiff's request for greater law library access will better enable Plaintiff to conform to the deadlines established by the Scheduling Order (Dkt. 38), not that Plaintiff is thereby disabled from pursuing the instant case, *see* Dkt. 43 at 1; Dkt. 46 at 16. However, in the event that Plaintiff, despite reasonable diligence, cannot meet a Scheduling Order deadline while conforming to existing prison regulations regarding law library access, Plaintiff may seek an amended Scheduling Order for good cause pursuant to Fed.R.Civ.P. 16(b).

Finally, Plaintiff's reliance on Judge D'Agostino's order granting additional communications with some of Plaintiff's litigation aides in the case before her is misplaced. As Defendants point out, Dkt. 45 at 2-3, that order was entered to facilitate Plaintiff's trial preparation for a relatively short – 17 day – duration. Additionally, precedents based on other district court decisions are not binding upon the courts of this district. *See Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district,

4

the same judicial district, or even upon the same judge in a different case.').

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 43) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 20, 2017
      Buffalo, New York


**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**