UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS ZIMMERMAN,

                         Plaintiff,

     v.

SOCIAL WORKER RICHARD PAUTZ, *et al.,*

                         Defendants.
_____

**DECISION**
**and**
**ORDER**

**12-CV-763A(F)**

APPEARANCES:        NICHOLAS ZIMMERMAN, *Pro Se*
                              02-A-1663
                              Wende Correctional Facility
                              P.O. Box 1187
                              Alden, New York  14004

                              ERIC T. SCHNEIDERMAN
                              NEW YORK STATE ATTORNEY GENERAL
                              Attorney for Defendants
                              RYAN L. BELKA,
                              Assistant Attorney General, of Counsel
                              Main Place Tower, Suite 300A
                              350 Main Street
                              Buffalo, New York  14202

      In this prisoner civil rights action, Plaintiff alleges violations of Plaintiff's First

Amendment rights in connection with interference with Plaintiff's mail and an unlawful

mail watch, Eighth Amendment violations based on alleged excessive force and failure

to protect, and federal Due Process violations arising from disciplinary hearings and a

conspiracy.  By papers filed June 21, 2017, Plaintiff moves to compel document

production and for permission to depose Defendants ("Plaintiff's discovery demands")

(Dkt. 48 at 2) ("Plaintiff's motion").  In opposition, Defendants contend Plaintiff has failed

to serve any of Plaintiff's discovery demands in accordance with Fed.R.Civ.P. 30(a) and

Fed.R.Civ.P 34(a).  Dkt. 55 at 2.  Defendants further contend Plaintiff has failed to file

Plaintiff's discovery demands as required by Local R.Civ.P. 5.2(f)(1)(E) ("Rule 5.2(f)(1)(E)") (requiring all papers including discovery requests in *pro se* cases be filed). Defendants also contend Plaintiff's motion fails to comply with Fed.R.Civ.P. 37(a) ("Rule 37(a)") (requiring parties engage in good faith effort to resolve discovery disputes as a precondition to filing motions to compel). Nevertheless, Defendants state Defendants have recently served responses to Plaintiff's discovery demands as stated in Plaintiff's motion. Dkt. 55 n. 4. Plaintiff has not responded to Defendants' opposition.

It is well-settled that a *pro se* party is required to comply with Rule 5.2(f)(1)(E). *See Hill v. Stewart,* 2012 WL 1232091, at *4 (W.D.N.Y. Apr. 12, 2012); *Brown v. Lian,* 2012 WL 4551474, at *3 (W.D.N.Y. Sept. 29, 2011). The court's inspection of the docket establishes Plaintiff has failed to comply with Rule 5.2(f)(1)(E) with respect to Plaintiff's discovery demands. *Pro se* litigants are also required to comply with the good faith meet and confer requirement of Rule 37(a). *See Nowlin v. Lusk*, 2014 WL 298155, at *6 (W.D.N.Y. Jan. 28, 2014) (citing *Fox v. Poole*, 2007 WL 837117, at *3 (W.D.N.Y. Mar. 15, 2007)). Additionally, as Plaintiff failed to serve Plaintiff's discovery demands, there is no basis upon which to consider a motion to compel pursuant to Rule 37(a).

Under Fed.R.Civ.P. 30(b)(4) ("Rule 30__"), a *pro se* litigant may designate an oral deposition be taken by telephonic means provided the requirements of Rule 30(b)(5)(A)-(C) (relating to appointment of officer designated pursuant to Fed.R.Civ.P. 28, conduct of the deposition, and arrangement to secure the recording or transcript) are satisfied.[1] *See Gordon v. Parole Officer Semrug*, 2016 WL 259579, at *1 (W.D.N.Y.

---

[1] Although Plaintiff does not specify the means for the requested depositions given that Plaintiff is housed at a prison facility other than a facility where Defendants are employed, the court presumes Plaintiff's request is for telephonic depositions.

Jan. 21, 2016).  In the case of an incarcerated plaintiff, like Plaintiff, the requirements

are similar, *see Nowlin*, 2014 WL 298155, at *9, but as a practical matter more difficult

because of the obvious issues of prisoner security and logistical requirements imposed

by the prison.  *Id.* (citing *Beckles v. Artuz*, 2005 WL 702728, at *2 (S.D.N.Y. Mar. 25,

2005) (noting that *pro se* prisoner is required to pay all costs associated with telephonic

oral depositions and the court unable to subsidize such costs even if plaintiff is

proceeding *in forma pauperis)*).  Before authorizing oral depositions in a prisoner civil

rights case courts requires that a prisoner is also required to submit a plan to the court

explaining how plaintiff intends to comply with the requirements of Rule 30 and in view

of the practical difficulty in obtaining prison officials' cooperation, consider proceeding

by deposition upon written questions pursuant to Fed.R.Civ.P. 31 or interrogatories

pursuant to Fed.R.Civ.P. 33 as an alternative.  *See Nowlin*, 2014 WL 298155, at *10

(citing *Beckles*, 2005 WL 702728, at *1).  Plaintiff has demonstrated no effort to comply

with Rule 30(b)(5)(A)-(C) nor explained how Plaintiff expects to meet these

prerequisites for Defendants' telephonic oral depositions as sought by Plaintiff.


## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt.48) is DENIED without prejudice.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Dated:  August 9, 2017
        Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court not later than 14 days after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**